Citation Nr: 1448566 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-07 968 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel



INTRODUCTION

The Veteran served on active duty from June 1965 to June 1967.

The Veteran's claims come before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision of the U.S. Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri, which denied the benefits sought on appeal. The Veteran filed a Notice of Disagreement (NOD) in May 2008. The RO then issued another rating decision in July 2008, again denying the issues. The Veteran filed another NOD in October 2008. The RO then issued a Statement of the Case (SOC) in February 2009. In March 2009, the Veteran filed his Substantive Appeal. Thus, the Veteran perfected a timely appeal of these issues.

In January 2011, July 2012, and April 2014, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for further development. The appeal has now been returned to the Board for appellate disposition. 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board regrets the delay, but finds that another VA examination is needed. The Veteran has been previously afforded VA audiological examinations and medical opinions, but to date he has not been afforded a VA ear disease examination and medical opinion. The January 2011 VA examiner, in a July 2014 VA addendum opinion, commented that, "As an Audiologist, is it within my scope of practice to determine hearing loss caused by acoustic trauma only. NOT to opine regarding middle ear pathology (i.e. recurrent ear infections, otitis media, and eustachian tube dysfunction). These matters will need to be addressed via an ear disease work-up." The VA audiologist also added that tinnitus secondary to middle ear pathologies was not within her scope of practice to evaluate. In this regard, the Board notes that the Veteran has current diagnoses of otitis externa, eustachian tube dysfunction, serous otitis, bilateral hearing loss, and tinnitus by VA and private physicians. He is presumed to have been exposed to excessive noise in service from his Military Occupational Specialty (MOS) of Military Police. His service treatment records (STRs) document otitis externa and serous otitis media dated in December 1966 and shifts in audiological thresholds (when the numerical values are converted) at his military separation examination in February 1965. Based on this pertinent evidence, the Board agrees with the VA audiologist and finds that a VA ear disease examination and medical nexus opinion must be obtained upon remand. See 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2014).

The Veteran is hereby notified that it is his responsibility to report for the examination scheduled and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014).

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA ear disease examination to determine the nature and etiology of a bilateral ear disorder, to include otitis externa, eustachian tube dysfunction, serous otitis, bilateral hearing loss, and tinnitus. The claims file and a copy of this Remand must be made available to the examiner. Any and all indicated evaluations, studies, and tests deemed necessary by the examiner should be accomplished. 

Following an examination, the VA examiner is requested to address the following:
a) Please state all of the Veteran's current bilateral ear diagnoses.

b) For each diagnosis, address whether it is at least as likely as not that the Veteran's current diagnosis was incurred in or caused by his active military service, to include his presumed in-service noise exposure. Specifically, the examiner should consider the December 1966 in-service diagnoses of otitis externa and serous otitis media and the shift in audiological thresholds (when numerical values converted) at the February 1965 military separation examination.

The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of the conclusion (e.g., diagnosis, etiology) as it is to find against the conclusion.

In forming his or her opinion, the examiner is asked to consider the Veteran's lay statements regarding the progression of the bilateral ear disorder, and comment on whether the Veteran's statements make sense from a medical point of view. 

All opinions should be supported by a clear rationale, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. If medical literature is relied upon in rendering this determination, the VA examiner should specifically cite each reference material utilized. If the VA examiner is unable to offer an opinion without resorting to speculation, a thorough explanation as to why an opinion cannot be rendered should be provided. Copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file itself, must be made available to the examiner.

2. After the above action has been completed, readjudicate the Veteran's claims. If the claims remain denied, issue to the Veteran and his representative a Supplemental SOC (SSOC). Afford them the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2014).



_________________________________________________
DEBORAH W. SINGLETON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).